a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT EARL KING III #465545 / 14822,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-06041<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MICHELLE GARRIGA ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Robert Earl King III ("King"). King names as Defendants Dr. Susan Garriga, Dr. Vias, Phillip Terrell, and Attorney Anthony Glorioso.

Because King's Complaint lack an arguable basis and fails to present a plausible claim for relief, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

King alleges that an accident occurred on October 16, 2021, resulting in the death of his seven month old twins. ECF No. 1-2 at 1. He states that his twins were riding in transportation service vehicle with a physician and nurse. King claims that the van stopped, two individuals exited the van carrying nine infants, and the driver was injected with "some type of drug that stopped his heart." *Id.* The van then rolled into the intersection and was struck by a tanker, killing all individuals on board. *Id.* at 1-2.

King asserts that Phillip Terrell ("Terrell") contacted his wife and provided information about the case, including that the driver was injected with a drug. King claims that Terrell was poisoned shortly after working on the case. ECF No. 1-2 at 2.

Finally, King alleges that an attorney, Anthony Glorioso ("Glorioso"), agreed to meet with King's wife about several lawsuits filed on their behalf. However, when she showed up at the meeting, Glorioso attempted to run over her. Glorioso was shot and is currently in police custody. ECF No. 1-2 at 2.

King argues that from March to May 2021, he was misdiagnosed with a mental illness by Dr. Garriga and Dr. Vias. The doctors threatened to hold him down and inject him with medicine if he did not take it orally. King maintains that the doctors did not believe his story. He states that his mental evaluations led to his arrest. ECF No. 1 at 5.

II. <u>Law and Analysis</u>

A. <u>King's Complaint is subject to preliminary screening.</u>

King is a prisoner who has been permitted to proceed in forma pauperis. ECF No. 6. As a prisoner seeking redress from an officer or employee of a governmental entity, the Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, King's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous

or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. The court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th

Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678.

A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the Federal Rules of Civil Procedure. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

      B.    <u>King fails to state a constitutional claim against Anthony Glorioso.</u>

First, King does not allege that Glorioso acted under color of state law. A plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the

deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.* King claims that Glorioso was representing his wife and him in several personal matters. He does not allege that Glorioso is a state actor.

Next, King does not allege that Glorioso violated any of his constitutional rights. The only claim involving Glorioso is that he attempted to run over King's wife and was subsequently shot. ECF No. 1-2 at 2.

Finally, King does not allege that he suffered a physical injury due to any action by Glorioso. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e). Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Because Glorioso is not a state actor, did not violate King's constitutional rights, and did not cause a physical injury to King, the § 1983 claim against Glorioso should be denied.

C. <u>King fails to allege a viable claim against Phillip Terrell.</u>

The Complaint contains no allegations of Terrell violating King's constitutional rights. King only asserts that Terrell contacted his wife and provided information

about a driver being injected with a drug. King claims that Terrell was poisoned shortly after working on the case. ECF No. 1-2 at 2. Absent an allegation of the violation of a constitutional right, King fails to state a plausible claim for relief against Terrell.

Nor does King allege that he suffered a physical injury because of any action by Terrell. Without a physical injury, King cannot recover monetary damages from Terrell, even if he had alleged a viable constitutional claim. 42 U.S.C. § 1997e(e).

### D. King fails to state a viable constitutional claim against Drs. Garriga and Vias.

King alleges that Drs. Garriga and Vias treated him at the East Louisiana State Hospital in Jackson, Louisiana. ECF No. 1. King asserts that the doctors did not believe his stories and misdiagnosed him with a mental illness. *Id.* at 5. King claims that Drs. Garriga and Vias threatened to hold him down and inject him with medicine if he did not take it orally. *Id.*

First, the allegedly unconstitutional actions by the doctors began in March 2021. King filed suit in November 2022. There is a one year statute of limitations applicable to § 1983 claims in Louisiana. *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001). Therefore, King's claims against Drs. Garriga and Vias are likely prescribed.[1]

Next, assuming Drs. Garriga and Vias are state actors, King fails to present non-conclusory allegations that either acted with deliberate indifference to his

---

[1] Although the limitations period may be tolled while the inmate is exhaustion administrative remedies, King does not indicate that he fully and properly exhausted. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

6

serious medical needs by diagnosing him as "delusional" and prescribing mental health medication. ECF No. 1 at 5. The Fifth Circuit has held that deliberate indifference in the context of a failure to provide reasonable medical care means that: (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that he subjectively intended that harm occur. *See Thompson v. Upshur County, Tex.*, 245 F.3d 447, 458–459 (5th Cir.1998) (citation omitted); *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). King provides no allegations that Drs. Garriga and Vias subjectively intended to harm him.

### III. Conclusion

Because King's Complaint lack an arguable basis and fails to present a plausible claim for relief, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e)(2)(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

7

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 17, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE